Decree for defendant dismissing the plaintiff's petition with costs.

---

## RAILROADS—CONSTITUTIONAL LAW.

[Allen Circuit Court, November, Term, 1900.]

Price, Norris and Day, JJ.

### CHICAGO & ERIE RAILROAD CO. v. PRISCILLA KEITH ET AL.

**1. SECTIONS 3342 TO 3346, REV. STAT., ARE CONSTITUTIONAL.**

Sections 3342 to 3346, inclusive, Rev. Stat., making it the legal duty of the constructors of railroads to provide drainage for all waters that accumulate along the roadbed by reason of its construction except where the roadbed is on or near swamp lands, the object being to prevent the creation of a public nuisance by accumulated standing and stagnant water in the first instance, and failing that to summarily abate it upon notice to the delinquent, at the expense of the party creating or maintaining it, are not inequitable or unconstitutional. Said sections do not deprive a citizen of his property without due process of law.

**2. SELF DEFENSE—RIGHT TO ABATE NUISANCE.**

The public and individuals, on the doctrine of self defense, have a right to abate a physical, tangible nuisance summarily and without the intervention of judicial proceedings, but the act must be confined to the doing of what is necessary to accomplish the abatement.

**3. RIGHT EXISTED AT COMMON LAW.**

The right of summary abatement of nuisances without judicial process or pleadings existed at the common law, and was not taken away by Art. 1, Sec. 19, of the constitution, that the owner of property shall not be deprived of it without due process at law.

HEARD ON ERROR.

*Ridenour & Halfhill*, for plaintiff in error, cited.

Injunction is the proper remedy in this case: Moody v. George, 1 O. S. C. D., 578 (37 B., 189); Secs. 4447 to 4510–66, Rev. Stat.; Secs. 4511 to 4566, Rev. Stat.; Secs. 3342 to 3346, Rev. Stat.; Railroad Co. v. Wagner, Treas., 43 Ohio St., 75 [1 N. E. Rep., 91]; Sec. 5848, Rev. Stat.

Sections 3342 to 3346, Rev. Stat., are unconstitutional as in violation of Sec. 19, Art. 1, of the Ohio constitution: Reeves v. Treasurer, 8 Ohio St., 333; Crawford v. Delaware, 7 Ohio St., 459; Ray v. Norseworthy, 90 U. S. (23 Wall.), 128 (137); Sec. 7, Art. 10, of the constitution; Secs. 7 and 8 of Art. 4 of the constitution; Sec. 19 of the bill of rights; Sessions v. Crunkilton, Treas., 20 Ohio St., 349; Railroad Co. v. Wagner, 43 Ohio St., 75 [1 N. E. Rep., 91]; Sessions v. Crunkilton, 20 Ohio St., 349; French v. Edwards, 80 U. S. (13 Wall.), 506; Sec. 1, Art. 14, of the amendments to the U. S. constitution.

*M. A. Hogland*, for defendant.

DAY, J.

In this proceeding the plaintiff in error was plaintiff in the lower court. Priscilla Keith and Theo. D. Robb, as judge of the probate court of Allen county, Ohio, wer defendants below and here. The action was to procure an order of injunction against the defendants, restraining the said probate judge from advertising and letting a contract to dig ditches and drains described in the petition and from certifying the costs and expenses of the proceeding to procure such ditches and drains so the same can be placed against the property of the plaintiff on the tax duplicate of Allen county, Ohio, for collection, until the validity of the act by virtue of which the proceeding was had can be judicially determined.

A petition was filed by the railway company, setting forth the facts which it relied upon as constituting a legal basis entitling it to the relief of injunction, as prayed for. A general demurrer to the petition, that it does not state facts sufficient to constitute a cause of action, was sustained by the court, and the plaintiff not desiring to amend its petition or further plead, the petition was dismissed at plaintiff's costs, for which judgment was given.

The plaintiff prosecutes error here, and the only question raised and presented is, do the facts stated in the petition constitute a cause of action entitling plaintiff to the relief prayed for?

The material facts stated in the petition are in substance; that the plaintiff is a railroad corporation, organized under the laws of Indiana; that on May 9, 1899, there was served on the plaintiff's agent in the city of Lima, Ohio, a notice, signed by the probate judge of Allen county, Ohio, and bearing the seal of the probate court of said county, and purporting to be a copy of an order of said probate court made in a matter pending therein, directing the said railway company to construct a drain or drains of sufficient capacity to conduct to a proper outlet the water that accumulated along the side of plaintiff's roadbed, by reason of the construction and operation of said railway, at certain points designated and contiguous to lands owned by the defendant, Priscilla Keith. The notice further declares that unless the railway company comply with the said

directions to construct the drains within thirty days from the service of said notice, that the probate court would forthwith proceed and advertise a letting, and would let a contract for the draining of said accumulated waters from the side of said roadbed, to the lowest bidder in accordance with law; that prior to May 9, 1899, the plaintiff railway company had no notice or summons served upon it requiring it to appear and answer to the complaint of the said Priscilla Keith made in said court, and no opportunity was afforded the plaintiff to make any defense or to make an issue as to whether said roadbed had been properly provided with drainage or was exempted from drainage as being swamp lands; that the thirty days named in the said notice, so served on May 9, 1899, have expired, and said Robb, as such probate judge, is threatening to proceed and advertise for the letting of a contract for the making of such drains, and will, if not restrained, advertise and let such contracts, and thereupon will charge the cost and expense of the same against the property of the plaintiff and the same will be placed upon the tax duplicate against the plaintiff railway company to be collected as other taxes; that the said proceeding in the probate court, in which said order was made and notice given, is under and by virtue of the provisions of Secs. 3342 to 3346, inclusive, Rev. Stat., which sections the plaintiff asserts are contrary to the provisions of Sec. 19, Art. 1, of the constitution of Ohio, for that thereby the plaintiff is deprived of his property without due process of law.

It is not stated as a fact that sufficient drainage to carry the water to an outlet and to prevent its accumulation so as to become a public nuisance, had been provided and was maintained by the railway company; or that the points where it is said drainage had not been provided was swamp lands, exempting the railroad company from constructing drainage by the express provisions of Sec. 3342, Rev. Stat.; but it is only stated in the petition as a ground for injunction, that the sections of the law, viz., Secs. 3342 to 3346, inclusive, are invalid because in conflict with Sec. 19, Art. 1, of the constitution, in that they deprive a citizen of his property without due process of law.

It is not the intention of the sections criticized to deprive a person of his property without due process of law, or at all, but the sole intention is to require the owner of property to so use and enjoy it as not to inconvenience and injure other owners, or the public. This was a requirement of the common law, and no new doctrine or principle is enforced by the enactment of these sections.

In the connection in which they appear, as a part of the chapter relating to railroads and their construction and operation, the sections have reference to the original construction and reasonable maintenance and operation of railroad roadbeds, making it the legal duty of the constructors to provide drainage for all waters that accumulate along the roadbed by reason of its construction, except where the roadbed is on or near swamp lands. The effort seems to have been in the first instance to prevent the creation of a public nuisance by accumulated standing and stagnant water, and failing that, to abate it, somewhat summarily, after ample notice to the delinquent, at the expense of the party creating it or maintaining it; and there is nothing improper or unconstitutional or inequitable in that. It simply enforces a legal duty resting on the railroad corporation at the expense of the corporation. There is warrant for this view, both in reason and upon authority. The public. and as well an individual, on the doctrine of self

defense, if no other, have a right to abate a physical, tangible nuisance summarily and without the intervention of judicial proceedings; but as in all cases of self defense, the act must be confined to the doing of what is necessary to accomplish the abatement. This is held in the case of Lawton v. Steele, 119 N. Y., 226 [23 N. E. Rep., 878; 7 L. R. A., 134; 16 Am. St., 813]. It was also held in that case: "The abatement of a nuisance, without first resorting to judicial proceedings, may be authorized by statute, because such right of abatement existed at the common law and was not taken away by the constitutional provision, that the owner of property shall not be deprived of it without due process of law." And also " the legislature may, where a public nuisance is physical and tangible, direct its summary abatement by executive officers, without the intervention of judicial proceedings, in cases analogous to those where that remedy existed at the common law." Andrews, J., who prepared the opinion, says on page 817 of 16 Am. St.:

"The right of summary abatement of nuisances, without judicial process or proceedings, was an established principle of the common law long before the adoption of our constitution, and it has never been supposed that this common law principle was abrogated by the provisions for the protection of life, liberty and property in our state constitution, although the exercise of the right might result in the destruction of property."

Judge Andrews quotes from numerous decisions in support of the view announced in the Lawton-Steele case, to-wit: License Cases, 46 U. S., (5 How.) 504; Rockwell v. Nearing, 35 N. Y., 302, 308, and numerous other authorities, and says:

"These authorities sufficienty establish the proposition that the constitutional guaranty does not take away the common law right of abatement of nuisances by summary proceedings without judicial trial or process."

We think the same authorities amply cover the case made in the petition and necessitate the sustaining of the demurrer thereto. The sections, we think, are not in conflict with any provision of the state or federal constitution.

We perceive no error in the judgment of the lower court, and its judgment is affirmed, with costs, but without penalty.

---

## PARTNERSHIP—EVIDENCE.

[Wood Circuit Court, March Term, 1901.]

Haynes, Parker and Hull, JJ.

### GEORGE H. BAKER ET AL. V. JOHN BRENNAN & CO.

1. THE QUESTION OF PARTNERSHIP ONE OF MIXED LAW AND FACT.

The testimony, in another case, of one of the defendants, that they were partners, is not conclusive against him; neither is it a mere legal conclusion, but may go to the jury, with other facts, under proper instructions by the court on the question of partnership.